```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                    FORT WORTH DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL NO.4:96-CR-068-J(1) |
| VS. | § | (CIVIL NO.4:05-CV-515-J) |
| | § | |
| BOBBY WAYNE REED | § | |

<u>FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE</u>

This cause of action was referred to United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

<u>FINDINGS AND CONCLUSIONS:</u>

A. NATURE OF THE CASE

Bobby Wayne Reed has filed a motion seeking relief under 28 U.S.C. § 2255.

B. PARTIES

Defendant Bobby Wayne Reed, federal register number 72743-079, is presently housed at the Bureau of Prisons' USP-Florence facility in Florence, Colorado. As he has filed a motion challenging his conviction in this Court, the United States of America is the proper government party. No order to respond has been issued to the government in this case.

C. PROCEDURAL HISTORY

Bobby Wayne Reed purports to challenge the 1996 judgment of conviction and Life sentence imposed upon him in this cause for

conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. 846, along with concurrent sentences for convictions on other counts. On direct appeal, Reed's convictions were affirmed by the Court of Appeals for the Fifth Circuit in 1998.  Reed's first motion for relief under 28 U.S.C. § 2255 was denied on April 24, 2001, each of his successive motions, construed as seeking relief under § 2255, were dismissed as filed without leave of the court of appeals.[1]

### D. LEGAL ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a second or successive motion filed by a person attacking a sentence under § 2255 must be certified by a panel of the appropriate court of appeals.[2] These provisions require dismissal of a second or successive habeas pleading unless specified conditions are met.  The Supreme Court observed that this new law "simply transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court as required by . . . Rule 9(b)."[3] Since the § 2255 motion filed by Bobby Wayne Reed on August 15,

---

[1] The first § 2255 motion was assigned civil case number 4:99-CV-682-J; the second, assigned civil number 4:01-CV-483-A, was dismissed on June 13, 2001; the third, assigned civil case number 4:03-CV-640-A, was dismissed on June 30, 2003.

[2] *See* 28 U.S.C.A. § 2255 (West Supp. 2005); *see also* 28 U.S.C.A. § 2244(b)(3)(A)(West Supp. 2005).

[3] *Felker v. Turpin,* 518 U.S. 651, 664 (1996).

2

2005 was filed after the effective date of the AEDPA, this court is without jurisdiction to consider the motion unless leave to file the same is granted by the Fifth Circuit.[4] Reed has not shown that he has obtained such authorization. Although he acknowledges in his memorandum in support that he has filed a successive motion, he does not claim or present argument that this Court has jurisdiction to grant him the requisite permission.  As a result, it appears that Bobby Wayne Reed's August 15 motion seeking relief under 28 U.S.C. § 2255 must be dismissed without prejudice to his right to file a motion in the United States Court of Appeals for the Fifth Circuit for leave to file a successive § 2255 motion pursuant to 28 U.S.C. § 2255 and § 2244(b)(3)(A).

## RECOMMENDATION

It is therefore RECOMMENDED that defendant Bobby Wayne Reed's August 15, 2005 motion for relief under 28 U.S.C. § 2255 [docket number 1589] be DISMISSED WITHOUT PREJUDICE to Reed's right to file a motion in the United States Court of Appeals for the Fifth Circuit for leave to file a successive § 2255 motion.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file written objections to the United States

---

[4] *See Hooker v. Sivley,* 187 F.3d 680, 682 (5th Cir. 1999)(district court has no jurisdiction to consider successive motion under § 2255 unless movant has obtained prior authorization from the court of appeals).

3

Magistrate Judge's proposed findings, conclusions and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation until September 16, 2005. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific written objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding and legal conclusion if it has been accepted by the United States District Judge.[5]

### ORDER

Under 28 U.S.C. § 636, it is ORDERED that defendant Bobby Wayne Reed is granted until September 16, 2005 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge

---

[5] *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc); *Carter v. Collins*, 918 F. 2d 1198, 1203 (5th Cir. 1990).

for findings, conclusions and recommendation, be and is hereby, returned to the docket of the United States District Judge.

SIGNED August 26, 2005.

                                              /s/ Charles Bleil
                                              CHARLES BLEIL
                                              UNITED STATES MAGISTRATE JUDGE