```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                    FORT WORTH DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL NO.4:96-CR-068-J |
| VS. | § | |
| | § | |
| BOBBY WAYNE REED | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the undersigned for a report and recommendation consistent with the provisions of 28 U.S.C. § 636(b). The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows.

**I. FINDINGS AND CONCLUSIONS:**

A. NATURE OF THE CASE

Bobby Wayne Reed, Federal Register No. 72743-079 filed a motion for a writ of audita querela under 28 U.S.C. § 1651.

B. PARTIES

Defendant Bobby Wayne Reed is currently confined at FCI-El Reno in El Reno, Oklahoma. As Reed has filed a motion challenging his conviction in this Court, the United States of America is the proper government party. No order to respond has been issued to the government in this case.

C. PROCEDURAL HISTORY

Bobby Wayne Reed purports to challenge the 1996 judgment of conviction and Life sentence imposed upon him in this cause for conspiracy to possess with intent to distribute cocaine in

violation of 21 U.S.C. 846, along with concurrent sentences for convictions on other counts. On direct appeal, Reed's convictions were affirmed by the Court of Appeals for the Fifth Circuit in 1998. Reed's first motion for relief under 28 U.S.C. § 2255 was denied on April 24, 2001, each of his successive motions, construed as seeking relief under § 2255, were dismissed as filed without leave of the court of appeals.[1]

D. LEGAL ANALYSIS

Although 28 U.S.C. § 1651 provides that a court "may issue all writs necessary or appropriate in the aid of [its] respective jurisdiction," the writ of audita querela has been abolished by Federal Rule of Civil Procedure 60(b).[2] To the extent a common law writ of audita querela survives, it is not available where the defendant may seek relief under 28 U.S.C. § 2255:

> Failing a successful challenge to his guilty plea under § 2255, [petitioner] also asks for a writ of audita querela under the All Writs Act. This is a slender reed upon which to lean. The writ of audita querela permits a defendant to obtain relief against a judgment because of some legal defense arising after the judgment. It is an open question whether the obsolescent writ survives as a post-conviction remedy. In any case, the defense against the judgment must be based in law, not in equity. *United States v. Reyes,* 945 F.2d 862 (5th Cir. 1991).

---

[1] The first § 2255 motion was assigned civil case number 4:99-CV-682-J; the second, assigned civil number 4:01-CV-483-A, was dismissed on June 13, 2001; the third, assigned civil case number 4:03-CV-640-A, was dismissed on June 30, 2003; the fourth, refiled in case number 4:99-CV-682-J, was dismissed on December 7, 2004; the fifth, assigned civil case number 4:05-CV-515-J, was dismissed on September 27, 2005.

[2] FED. R. CIV. P. 60(b)("The following are abolished: bills of review, bills in the nature of bills of review, and writs of coram nobis, coram vobis, and audita querela.")

> There is no defect in the judgment below based in law. Moreover, the writ is not available where, as here, the defendant may seek redress under § 2255. *United States v. Ayala,* 894 F.2d 425, 427 (D.C.Cir. 1990).[3]

Furthermore, movants may not use a writ of audita querela to circumvent the procedural and legal requirements set forth in 28 U.S.C. § 2255.[4] Neither an unsuccessful § 2255 motion nor an inability to meet the requirements for a successive § 2255 motion will render the § 2255 remedy unavailable.[5]

As Reed has already sought and been denied relief under 28 U.S.C. § 2255, under controlling circuit authority, he may not seek relief against the conviction imposed in this case through a writ of audita querela.

To the extent Reed also invokes the writ of mandamus, mandamus is an extraordinary remedy, available only when a petitioner establishes: "(1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy."[6] Such relief is not available to Reed.

## II. RECOMMENDATION

---

[3] *United States v. Banda,* 1 F.3d 354, 356 (5th Cir. 1993); *see also United States v. Elrod*, Nos. 3:93-CR-0377-G(01), 3:01-CV- 1046-G, 2002 WL 1331881, at *1 n. 2 (N.D. Tex. June 14, 2002) (accepting finding that "relief by way of audita querela ... is no longer available under the federal rules").

[4] *United States v. Cheshire,* Nos. 3:96-CR-224-P(03), 3:05-CV-1158-P, 2007 WL 268768, at *2 (N.D.Tex. Jan. 30, 2007)(citing *United States v. Tavarez,* 79 Fed. App'x 79, 80 (5th Cir. 2003)(per curiam); *United States v. Valdez-Pacheco,* 237 F.3d 1077, 1080 (9th Cir. 2001).

[5] *See Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir.2000).

[6] *In re Stone*, 118 F.3d 1032, 1034 (5th Cir.1997)(citations omitted).

3

It is therefore RECOMMENDED that defendant Bobby Wayne Reed's September 14, 2009, motion for writ of audita querela be DENIED. To the extent Reed also seeks a writ of mandamus under 28 U.S.C. § 1651, it is RECOMMENDED that such request be denied.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions and recommenda-tion until October 13, 2009. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United*

*Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until October 13, 2009 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and is hereby, returned to the docket of the United States District Judge.

SIGNED September 21, 2009.

                                             /s/ Charles Bleil
                                             CHARLES BLEIL
                                             UNITED STATES MAGISTRATE JUDGE