ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV 29 2010
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL NO.4:96-CR-068-J |
| VS. | § | |
| | § | |
| BOBBY WAYNE REED | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the undersigned for a report and recommendation consistent with the provisions of 28 U.S.C. § 636(b). The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows.

**I. FINDINGS AND CONCLUSIONS:**

A. NATURE OF THE CASE

Bobby Wayne Reed, Federal Register No. 72743-079 filed a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2).

B. PARTIES

Defendant Bobby Wayne Reed is currently confined at FCI-El Reno in El Reno, Oklahoma. As Reed has filed a motion challenging his sentence in this Court, the United States of America is the proper government party. No order to respond has been issued to the government in this case.

C. PROCEDURAL HISTORY

Bobby Wayne Reed seeks a reduction in sentence under the authority of 18 U.S.C. § 3582(c092). Reed is imprisoned as a result of the 1996 judgment of conviction and Life sentence imposed upon

him in this cause for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. 846, along with concurrent sentences for convictions on other counts. On direct appeal, Reed's convictions were affirmed by the Court of Appeals for the Fifth Circuit in 1998. Reed's first motion for relief under 28 U.S.C. § 2255 was denied on April 24, 2001, each of his successive motions, construed as seeking relief under § 2255, were dismissed as filed without leave of the court of appeals.[1] Reed has also challenged his conviction through a motion for writ of audita querela and for writ of mandamus, and those motions were denied.

## D. LEGAL ANALYSIS

Reed contends that the changes to the United States Sentencing Guidelines resulting from Amendment 706 addressing a disparity between the guidelines applicable to crack and powder cocaine entitle him to a sentence reduction under § 3582(c)(2). Defendant Reed, however, does not meet the criteria set forth in § 3582(c) and USSG § 1B1.10(c).

Specifically, defendant Bobby Wayne Reed was held accountable for at least 55 kilograms of crack cocaine. The base offense level from the Drug Quantity Table in USSG § 2D1.1(a)(3)(c)(1) for the 55 kilograms of cocaine base that was attributed to Reed at the time

---

[1]The first § 2255 motion was assigned civil case number 4:99-CV-682-J; the second, assigned civil number 4:01-CV-483-A, was dismissed on June 13, 2001; the third, assigned civil case number 4:03-CV-640-A, was dismissed on June 30, 2003; the fourth, refiled in case number 4:99-CV-682-J, was dismissed on December 7, 2004; the fifth, assigned civil case number 4:05-CV-515-J, was dismissed on September 27, 2005.

of sentencing was level 38. Under the new amendments to the drug quantity tables, if an offense involved 4.5 kilograms or more of crack cocaine, the base offense level remains 38. Therefore, the amended guideline range resulting from Amendment 706 would not be reduced for the amount of drugs in this case, and Reed is not eligible for a sentence reduction under § 3582(c)(2) and USSG § 1B1.10(a).

The Fair Sentencing Act of 2010, amidst other things, reduced statutory penalties for cocaine base ("crack" cocaine) offenses. U. S. SENTENCING GUIDELINES MANUAL, Supplement to the 2010 Supplement to Appendix C, Amendment 748, Reason for Amendment (November 1, 2010). Although the applicable sentence levels for quantities of cocaine base were in fact changed by Amendment 748 to the guidelines, those changes and Amendment 748 have not been made retroactive. U.S.S.G. § 1B1.10(c) (November 1, 2010). Because Amendment 748 is *not* listed as one that can subsequently lower an applicable guideline range, "a reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is *not* authorized under 18 U.S.C. § 3582(c)(2)." *Id., at* § 1B1.10(a)(2)(A) (emphasis added). Thus, Reed is also not eligible for any sentence reduction based upon the 2010 amendments to the sentencing guidelines.

Reed also seeks to have the Court resentence him in light of the intervening decisions of the Supreme Court in *United States v.*

*Booker*, 543 U.S. 220(2005) and *Kimbrough v. United States*, 552 U.S. 85 (2007). A motion under § 3582(c)(2), however, "is not a second opportunity to present mitigating factors to the sentencing judge, nor is it a challenge to the appropriateness of the original sentence." *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995). Furthermore, the United States Court of Appeals for the Fifth Circuit has held that *Booker* did not alter the mandatory character of § 1B1.10's limitations on sentence reductions. *United States v. Doublin,* 572 F.3d 235, 238 (5th Cir.), *cert. den'd,* 130 S.Ct. 517 (2009). More particularly, the court of appeals recently recognized "the Supreme Court's decision in *Booker* does not apply to sentence reductions under § 3582(c)(2) because such proceedings are not full resentencings." *United States v. King,* No.08-10615, 2010 WL 4460410, at *1 (5th Cir. November 8, 2010)(citing *Dillon v. United States,* 130 S.Ct. 2683, 2691-94 (2010) and *Doublin,* 572 F.3d at 238-9)). Thus, Reed's claims for a resentencing are not cognizable in a § 3582(c)(2) motion.[2] *See Whitebread,* 55 F.3d at 1011; *United States v. Evans,* 587 F.3d 667, 674 (5th Cir. 2009), *cert. den'd,* 130 S.Ct. 3462 (2010).

---

[2]Thus, as Reed is not eligible for a reduction under § 3582(c)(2), and there is no statutory basis for a resentencing, although Reed has presented numerous letters on his behalf as attachments to the motion, the Court has not considered them.

## II. RECOMMENDATION

Based on the foregoing, it is RECOMMENDED that defendant Bobby Wayne Reed's November 8, 2010 motion for reduction of sentence under § 3582(c)(2) be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation until December 20, 2010. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district

court, except upon grounds of plain error. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until December 20, 2010 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and is hereby, returned to the docket of the United States District Judge.

SIGNED November 29, 2010.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE